UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| APPELLEE, ] | |
| ] | |
| vs. ] | CR-06-LSC-JEO-306-NE |
| ] | |
| DOUGLAS J. C. HOPPER, ] | |
| ] | |
| APPELLANT. ] | |

MEMORANDUM OF OPINION

I.  Introduction.

This case is before the Court on appeal by the defendant, Douglas J. C. Hopper ("Hopper"), from a finding of guilty by the United States Magistrate Judge for Disorderly Conduct originally entered on the 11th day of July 2006, and then amended on the 19th day of July 2006. The appeal is timely and has been briefed by the parties. The defendant in this case raises two issues: 1) he challenges the Magistrate Judge's interpretation of Alabama Code § 13A-11-7(1) not to require that threatening conduct be "violent" as an element of the offense; and 2) the sufficiency of the evidence to support the conviction even if violent threatening conduct is not

required.

II.     Facts.

Hopper, who works as a military police officer for the Department of Defense, entered Redstone Arsenal at gate 10. The security officer stationed at gate 10, Robert Woody ("Woody"), noticed several hunting arrows in the passenger compartment of Hopper's vehicle. During a brief conversation concerning the need for Hopper to possess a permit to carry the arrows onto the military installation, Hopper made statements similar to and including, "I don't need a fucking weapons card."

Hopper drove his vehicle into the inspection area, located near gate 10, and got out of the vehicle. Despite being instructed four to five times to reenter his vehicle by security officer Derrick Puryear ("Puryear"), Hopper did not obey the instructions. Hopper repeatedly responded to the instructions of Puryear with vulgar and demeaning comments insisting that he did not have to return to his vehicle. At some point, Puryear instructed another security officer to summons the military police to which Hopper, according to Puryear, slapped his police identification in Puryear's chest and stated that he "was the fucking police." At that point, Puryear

"immediately calmed down" and asked Hopper to move his vehicle to another location. Hopper did not obey the instructions to move his vehicle until the other military police officers arrived on the scene.

III.   Standard of Review.

When a defendant appeals the judgment of a Magistrate Judge convicting him of a petty offense or other misdemeanor "the defendant is not entitled to a trial *de novo* by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58.

With regard to the appeal of a conviction from a federal district court "[t]he Court reviews sufficiency of the evidence *de novo*, with the evidence being viewed in the light most favorable to the government. A conviction must be upheld unless the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Chastain,* 198 F.3d 1338, 1351 (11th Cir. 1999). *See also United States v. Tarkoff,* 242 F.3d 991, 993 (11th Cir. 2001) (Whether there is sufficient evidence to support a conviction is a question of law which this Court reviews de novo. The relevant question is "whether, after viewing the evidence in

the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).  With regard to issues of statutory interpretation, this court reviews the Magistrate Judge's decisions *de novo.  United States v. Castro,*  455 F.3d 1249, 1251 (11th Cir. 2006).

IV.   Discussion.

Hopper contends that the Magistrate Judge improperly interpreted the code section as not requiring that Hopper's behavior be both violent and threatening in order to fall within the purview of the statute.  The statute reads, in part, as follows: "A person commits the crime of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or in violent tumultuous or threatening behavior. . . ."  Ala. Code § 13A-11-7.

Hopper insists that "violent" should be read as modifying both "tumultuous" as well as "threatening."  In other words, under Hopper's interpretation of the statute, before the conduct would be considered a violation of the statute, it would have to be either "violent tumultuous

behavior" or "violent threatening behavior." The Magistrate Judge disagreed with Hopper's position and convicted Hopper of threatening behavior rather than violent threatening behavior.  This Court agrees with Magistrate Judge Ott.  The clear reading of the statute outlaws violent tumultuous behavior and threatening behavior.  The statute does not require that the threatening behavior also be violent before it constitutes a violation of the statute.  This is consistent with the interpretation apparently given the statute by the Alabama Court of Criminal Appeals.  *See Mitchell v. State*, 887 So. 2d 1017 (Ala. Crim. App. 2004).

With regard to Hopper's second assignment of error, that the evidence as presented is insufficient to support his conviction, this Court finds that the evidence is sufficient.  As required, this Court has reviewed the evidence *de novo*, in the light most favorable to the government.  It is clear that the defendant could have been found guilty, by Judge Ott, under a reasonable construction of the evidence.

V.   Conclusion.

After carefully reviewing the record, the conviction of Douglas J. C. Hopper in the above styled case is due to be affirmed.  The appeal of the

same is due to be dismissed.  Judgment will be entered against the defendant, Douglas J. C. Hopper, as previously ordered by Magistrate Judge John Ott.  Costs will be taxed to the defendant.  A separate order consistent with this Memorandum of Opinion will be entered contemporaneously herewith.

    Done this <u>23rd</u> day of <u>January 2007</u>.

                                                   _____
                                                     L. SCOTT COOGLER
                                        UNITED STATES DISTRICT JUDGE
                                                            124153